This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Ronald Spatney has appealed his sentence from the Summit County Court of Common Pleas. This Court reverses and remands for resentencing.
Spatney was indicted on two counts of rape, in violation of R.C.2907.02(A)(1)(B), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Spatney initially plead not guilty, but pursuant to a plea agreement, later changed his plea to guilty to one amended count of attempted rape. The remainder of the charges were dismissed. The trial court sentenced Spatney to the maximum eight year prison term.
Spatney failed to file a timely appeal. However, he petitioned this Court to file a delayed appeal pursuant to App.R. 5(A). Because Spatney complied with the filing requirements contained in App.R. 5, this Court reviewed the reasons Spatney set forth in support of his motion to determine if he provided an adequate reason for failing to timely file his notice of appeal.
Spatney claimed that he was unaware of his right to appeal and that as a result he could not have waived his right to an appeal. He argued that pursuant to the Ohio Rules of Criminal Procedure, the trial court erred by failing to advise him of his right to appeal during his sentencing hearing and that such failure is grounds for leave to file a delayed appeal. Spatney provided this Court with the transcript of his sentencing hearing, a review of which revealed that he had not been informed of his right to appeal in accordance with Crim.R. 32(B). Accordingly, this Court granted Spatney's motion for a delayed appeal of his sentence only.
Spatney has asserted one assignment of error for our review:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM PRISON SENTENCE ALLOWED BY LAW WITHOUT MAKING FINDINGS AS REQUIRED BY R.C. 2929.14(C).
In his sole assignment of error, Spatney argues that the trial court erred in sentencing him to the maximum allowable time without giving reasons. This Court agrees.
A trial court is prohibited from imposing a maximum sentence for a single offense unless the court sets forth findings on the record that give the court's reasons for imposing the maximum. State v. Edmonson,
(1999), 86 Ohio St.3d 324, 329. R.C. 2929.14(C) permits a trial court "to impose the maximum prison term authorized for [a felony] * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
In the instant case, the trial court failed to set forth findings and reasons for imposing the maximum sentence. This Court notes that the sentencing proceeding in this case was held prior to the release ofEdmonson. However, because the trial court failed to comply with R.C.2929.14(C) and 2929.19(B)(2)(d) in imposing the maximum sentence for a second degree felony, this Court is mandated to vacate Spatney's sentence and remand it to the trial court for resentencing. R.C. 2953.08(G)(1). See, also, State v. Linton (Sept. 29, 1999), Summit App. No. 19170, unreported.
The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for resentencing in compliance with Edmonson.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
______________________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J. CONCUR.